DOWNEY, Judge.
Irene M. Brumage died intestate April 28, 1980, as a result of injuries inflicted by her one living descendant, her son, Roland. She was also survived by four siblings.
*990 In addition to certain probate assets the decedent’s estate consisted of the sum of (a) $12,644.27 deposited in a savings and loan association in a Totten trust in the name of Irene M. Brumage, as trustee for Roland Brumage, and (b) a life insurance policy payable to Roland Brumage in the amount of $5,000.
Roland was charged with killing his mother. However, a jury found him not guilty by reason of insanity. Thereupon, Roland was incarcerated in the Florida State Hospital at Chattahoochee where he remains under observation. Upon receiving notice from the personal representative that his mother’s estate was ready for distribution, Roland petitioned the court to direct the personal representative to distribute all of the estate assets, probate and nonprobate, to him. Irene’s siblings filed responses and alleged Roland was not entitled to all of the estate assets because he had murdered the decedent.
The parties filed a stipulation with the court setting forth the uncontroverted facts, specifying the issues, and agreeing the court could proceed to determine the controversy on written memoranda of "law and oral argument. Thereafter the trial court entered a judgment finding that Roland was entitled to the probate assets of the estate under the provisions of section 732.802, Florida Statutes (1979). Furthermore, the judgment also provided that Roland was not entitled to the nonprobate assets consisting of the savings account and the proceeds of the life insurance policy. The latter aspect of the judgment pertaining to the nonprobate assets is the subject of this appeal.
In the circuit court and here, the appel-lees took the position that Roland was not entitled to the nonprobate assets because those assets do not fall within the purview of section 732.802, Florida Statutes (1979), which only precludes one from inheriting when he has been convicted of murdering the decedent. Roland countered that the appellees stipulated that he was insane at the time of the murder and thus he did not have the mens rea to commit a crime and did not fall within the purview of the principle that one should not profit by his own wrong.
We believe this case is controlled by the decision of Carter v. Carter, 88 So.2d 153 (Fla.1956). There the Supreme Court of Florida held that where one is found not guilty of murder, he could not receive non-probate assets of the decedent if in a subsequent civil proceeding involving the entitlement to those assets he is found by a preponderance of the evidence to have unlawfully killed the decedent. There the court said:
The record before us reveals nothing at all with reference to the facts that produced the homicide. However, if at the trial a preponderance of the evidence should establish the fact that the homicide was intentional and unlawful in nature and therefore was without the purifying effect of excuse or justification, the petitioner insofar as this cause is concerned would be confronted by the rule heretofore announced that a person will not be permitted to profit by his own wrong. If, however, the evidence preponderates in favor of justification or excuse, an example of which would be self-defense, accident or insanity, then there would be no area for the application of the rule that would prevent her recovery.
88 So.2d at 159 (emphasis added). Thus it seems clear, as was done in this case, there should be a civil proceeding between the various protagonists to determine whether the person was sane or insane and the issue is to be proven by the preponderance of the evidence. The foregoing quote from Carter is followed by this further statement:
The burden of proof in the first instance will rest on the party who alleges that the killing was intentional and unlawful.
Thus the burden of proof here was on the appellees as the ones contending the killing was intentional and unlawful. However, no evidence was adduced on that issue by either party to show in the first instance that the killing was wrongful. *991 Thus appellees failed to carry their burden, and so the burden never shifted to Roland to go forward with proof that he was insane.
We specifically reject Roland’s contention that appellees stipulated Roland was insane. We agree with appellees that they stipulated only that the jury had found Roland insane in the criminal trial. However, that does not alter the fact that appel-lees never assumed and carried their burden to prevail in this proceeding.
Accordingly, the trial court erred in paragraph two of the judgment in finding that Roland was not entitled to the nonprobate assets.
REVERSE AND REMAND FOR CORRECTION OF JUDGMENT.
LETTS and HURLEY, JJ., concur.